**SO ORDERED.**

**SIGNED this 22 day of August, 2013.**



_____
    **James D. Walker, Jr.**
  **United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 12-52521-JDW |
| HAROLD WILLIAMS, | ) | |
| | ) | |
|    DEBTOR. | ) | |
| | ) | |
| SHARON WILLIAMS, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 13-5010 |
|    PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| HAROLD WILLIAMS, | ) | |
| | ) | |
|    DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Plaintiff:   Alan I. Seitman
                 6445 Powers Ferry Road, Suite 265
                 Atlanta, Georgia 30339

For Debtor:      Valentia Patrice Alleyne
                 2625 Piedmont Road, Suite 56-327
                 Atlanta, Georgia 30324

**MEMORANDUM OPINION**

This matter comes before the Court on Debtor-Defendant's Motion for Summary Judgment. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I) and (J). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Background**

Debtor-Defendant Harold Williams filed a Chapter 7 petition on September 4, 2012. He listed Plaintiff Sharon Williams as an unsecured creditor with a claim of $78,145 for a judgment debt. Plaintiff is Debtor's sister. Plaintiff filed a complaint to determine dischargeability of her debt pursuant to 11 U.S.C. § 523(a)(4)[1] and (6)[2] and to object to discharge pursuant to § 727(a)(2)(A),[3] (a)(3),[4] (a)(4)(A),[5] and (a)(5).[6] Debtor filed a motion for summary judgment,

---

[1] Debts for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" are nondischargeable. 11 U.S.C. § 523(a)(4).

[2] Debts arising from a debtor's "willful and malicious injury" to a person or property are nondischargeable. 11 U.S.C. § 523(a)(6).

[3] The Court may deny a discharge to a debtor who transferred property in the year prior to bankruptcy "with intent to hinder, delay, or defraud a creditor[.]" 11 U.S.C. § 727(a)(2)(A).

[4] The Court may deny a discharge to a debtor who "failed to keep or preserve any recorded information ... from which the debtor's financial condition or business transactions might be ascertained ...." 11 U.S.C. § 727(a)(3).

[5] The Court may deny a discharge to a debtor who "knowingly and fraudulently, in or in connection with the case ... made a false oath or account[.]" 11 U.S.C. § 727(a)(4)(A).

[6] The Court may deny a discharge to a debtor who "failed to explain satisfactorily ... any loss of assets or deficiency of assets to meet the debtor's liabilities[.]" 11 U.S.C. § 727(a)(5).

which is the subject of this opinion.

The Statement of Uncontested Facts filed by Debtor with his motion for summary judgment recounts the procedural facts of his bankruptcy case without providing any facts probative of the discharge issues raised in Plaintiff's complaint. Debtor's Statement of Uncontested Facts provides as follows:

> 1. On September 4, 2012 ("Petition Date"), Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Georgia, Macon Division ("Bankruptcy Court), commencing case number 12-52521-jdw ("Case"). (Bankruptcy Docket ("Bk docket") No. 1).
>
> 2. Also, on the Petition Date, Debtor filed his schedules and Statement of Financial Affairs ("Schedules"). (Bk Docket No. 1). Debtor listed Sharon Williams ("Plaintiff") on Schedule F as a creditor with an unsecured debt. (See Bk Docket No. 1 Schedule F p.28).
>
> 3. Plaintiff received a judgment in the sum of $78,145.00, plus interest at the legal rate, pursuant to an award issued in the State Court of Cobb County, Case No. 11-A-1410-3 on March 19, 2012. (Adversary Proceeding (the "Complaint") Complaint ¶ 5).
>
> 4. On October 12, 2012, Debtor's meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code (the "Creditor Meeting") and the Chapter 7 Trustee's Report of No Distribution was filed on the same day. (Bk Docket No. 13).
>
> 5. On October 23, 2012, a Notice of Appearance was filed on behalf of Plaintiff. (Bk Docket No. 14).
>
> 6. On October 26, 2012, a Motion for order of 2004 Production of Documents of Bank of America ("2004 Motion") was filed on behalf of Plaintiff. (Bk Docket No. 18).
>
> 7. On November 1, 2012, the Court entered an order granting the 2004 Motion. (Bk Docket No. 19).

8. On November 8, 2012, a Motion for order of 2004 Production of Documents of SunTrust Bank was filed on behalf of Plaintiff. (Bk Docket No. 21).

9. On November 14, 2012, the Court entered an order granting the 2004 Motion. (Bk Docket No. 22).

10. The original deadline to file a complaint objecting to discharge and/or to determine the dischargeability of a debt was December 10, 2012. On November 28, 2012, Plaintiff filed a Motion to Extend Time for Filing a Complaint to Determine Dischargeability of the Debt and to Object to Debtor's Discharge ("Extension Motion") wherein, Plaintiff requested that the deadline to file a complaint objecting to discharge be extended for an additional sixty (60) days. (Bk Docket No. 25).

11. On December 3, 2012, the Court entered an order granting the extension. (Bk Docket No. 27).

12. On January 16, 2013, a 2004 Motion for Examination of Debtor and Production of Documents was filed on behalf of Plaintiff. (Bk Docket No. 36).

13. On January 24, 2013, the Court entered an order granting the 2004 Motion for Examination. (Bk Docket No. 38).

14. In October and November 2012, Debtor produced numerous Bank of America and SunTrust Bank records to Plaintiff's counsel. (See 2004 Motion Bk Docket No. 21 and Extension Motion Bk Docket No. 25).

15. On January 30, 2013, Debtor produced numerous documents in response to the 2004 Motion and Order and appeared for a 2004 Examination at the office of Plaintiff's counsel on February 5, 2013. (Complaint ¶ 7).

16. On February 8, 2013, Plaintiff filed an Adversary Proceeding (the "Adversary") against Debtor pursuant to 11 U.S.C. Sections 523(a)(4) and (6) and 11 U.S.C. Sections 727(a)(2), (3), (4), and (5) for determination of dischargeability and objecting to Debtor's discharge. (Adversary Proceeding ("AP") Docket No. 1).

17. A Summons for Debtor/Defendant was issued on February 11,

5

    2013 with Answer due on March 13, 2013. (AP Docket No. 3).

    18. On March 13, 2013, Debtor filed his Answer to Complaint.
    (AP Docket No. 5).

(Debtor's Statement of Uncontested Facts, Docket No. 16-3.)

  Debtor filed a brief in support of his motion for summary judgment that contains numerous additional assertions of fact. For example, in arguing that Debtor did not knowingly and fraudulently make a false oath in connection with his bankruptcy case, pursuant to § 727(a)(4)(A), the brief states:

> Debtor mistakenly thought that the alimony, contempt award, and proceeds from the sale of real property located at 539 Collins Avenue, Van Wert, OH he received in 2010, 2011 and 2012 did not constitute income at the time he and his attorney prepared his bankruptcy petition for the Chapter 7 case, because these awards stemmed from a final judgment from his 2009 divorce from his former wife[.]

(Brief in Support of Debtor's Motion for Summary Judgment at p.6.) In arguing that Debtor did not fail to keep financial records, pursuant to § 727(a)(3), the brief states:

> Plaintiff conducted the Debtor's 2004 exam on February 5, 2013. With respect to the documents requested related to Debtor's business, Debtor provided the following: (i) personal tax returns from 2008 through 2011; and (ii) personal and business bank statements from October 2008 through December 2012. Debtor operated his Tech Notch business as a sole proprietor and withdrew from active participation in the business in 2010 as reflected on his Statement of Financial Affairs, please refer to Exhibit "F."

(Brief in Support of Debtor's Motion for Summary Judgment at p.14.) The brief is replete with such assertions of fact that are not found in the Statement of Uncontested Facts and, in some cases, are not supported with citations to the record.

**Conclusions of Law**

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, incorporated by Federal Rule of Bankruptcy Procedure 7056. Rule 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Local Rule 7056-1(a) requires the movant to file a supporting brief and "a separate, short, and concise statement of the uncontested facts as to which the movant contends there is no genuine issue to be tried, including specific reference to those parts of the pleadings, deposition, answers to interrogatories, admissions, and affidavits that support such contention." LBR 7056-1(a). Local Rule 7056-1(d) provides that "[f]ailure to comply with this Rule by the movant may result in denial of the motion." Id. 7056-1(d).

In this case, Debtor provided a Statement of Uncontested Facts with his motion for summary judgment as required by the Local Rule. However, it lacks any facts material to the allegations in Plaintiff's complaint. Plaintiff asserted causes of action under 11 U.S.C. §§ 523(a)(4) and (a)(6), and 727(a)(2)(A), (a)(3), (a)(4)(A), and (a)(5), and alleged that Debtor purposefully omitted required information from his schedules, that Debtor fraudulently transferred household goods, that Debtor was unable to satisfactorily explain the disposition of significant amounts of money, that Debtor failed to keep any financial records for a business that he owned, and that Debtor misappropriated Plaintiff's personal property.

The facts provided by Debtor in his Statement of Uncontested Facts merely establish that Debtor filed a bankruptcy petition and schedules, that Plaintiff was an unsecured creditor, that Debtor attended a meeting of creditors, that he responded to various production requests made by

Plaintiff, and that Plaintiff filed this adversary proceeding. In other words, the facts are in no way probative of the causes of action raised in Plaintiff's complaint.

Debtor's brief in support of his motion for summary judgment, on the other hand, asserts many probative facts. However, they are not presented in an appropriate form that allows Plaintiff to easily identify the facts and either admit or contest them. Instead they are buried among legal arguments, which places unnecessary burdens on both Plaintiff and the Court to determine which facts Debtor is relying on for his motion and whether those facts are supported by the record.

Assuming all the facts listed in Debtor's Statement of Uncontested Facts are undisputed, they fail to show Debtor is entitled to judgment as a matter of law on any count of Plaintiff's complaint. Furthermore, to the extent Debtor relies on facts presented solely in his brief, his motion fails to comply with Local Rule 7056-1. For these reasons, the Court will deny Debtor's motion for summary judgment.

END OF DOCUMENT